IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| KENNETH KELLY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 2:10cv218-WC |
| | ) | (WO) |
| J.A. KELLER, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION

This is a *pro se* petition for a writ of habeas corpus by a federal prisoner pursuant to

28 U.S.C. § 2241.  (Doc. No. 1.)  Pursuant to 28 U.S.C. § 636(c)(1) and M.D. Ala. LR 73.1,

the parties have consented to the United States Magistrate Judge conducting all proceedings

in this case and ordering the entry of final judgment.

## I.   BACKGROUND

The petitioner, Kenneth Kelly ("Kelly"), is currently incarcerated at the Federal Prison

Camp in Montgomery, Alabama, serving a 120-month sentence, imposed in 2003 by the

United States District Court for the Northern District of Alabama, upon his conviction for

conspiracy to possess with intent to distribute a mixture or substance containing a detectable

amount of cocaine base, and aiding and abetting the distribution of a mixture or substance

containing a detectable amount of cocaine base.  In his petition, Kelly claims that the Federal

Bureau of Prisons ("BOP") has failed to properly consider the mandated statutory criteria in

determining the duration of his placement in a residential reentry center ("RRC") for the final

portion of his federal sentence, in violation of the Second Chance Act.

In compliance with this court's orders, the respondent has filed an answer in which

he argues that (1) Kelly's habeas petition is not ripe for court review, because at the time

Kelly filed his petition, he was not close enough to the end of his sentence to qualify for

consideration for placement in an RRC under the Second Chance Act and the BOP had made

no determination regarding his RRC placement; and (2) even if Kelly were eligible for

consideration for placement in an RRC at the time he filed his petition, he has not exhausted

administrative remedies with respect to his claims. (Doc. No. 9.)  In response, Kelly has filed

a traverse.  (Doc. No. 11.)

## II.  DISCUSSION

By his petition, Kelly seeks to have the BOP consider him for placement in an RRC

for the final portion of his sentence, for the maximum amount of time allowed, pursuant to

the authority of the Second Chance Act of 2007.  (Doc. No. 1 at p. 18.)  More specifically,

he requests that this court issue an order directing the BOP "in good faith to consider

Petitioner on an individualized basis using the five factors set forth in 18 U.S.C. § 3621(b)

plus take into account the language in 18 U.S.C. § 3624 (c)(6)(C) granting him the maximum

amount of time in the RRC to provide the 'greatest likelihood of successful reintegration into

the community.'"  (*Id*.)

The Second Chance Act amended 18 U.S.C. §§ 3621(a) and 3624(c).  Pursuant to the

Second Chance Act, the BOP staff is required to review inmates for RRC placement 17-19

months before their projected release date, and inmates are to be individually considered using the five factors listed in § 3621(b). When he filed his petition, on March 4, 2010, Kelly's projected release date was May 23, 2012. At the time of filing, then, Kelly was not close enough to the end of his sentence to qualify under the Second Chance Act for consideration for placement in an RRC for a portion of the remainder of his sentence. There is no indication in the pleadings before this court that an assessment regarding Kelly's placement in an RRC, or the duration of that placement, has been made. Ripeness becomes an issue when a case is anchored in future events that may not occur as anticipated, or at all. *See Pac. Gas & Elec. Co. v. State Energy Res. Conservation & Dev. Comm'n*, 461 U.S. 190, 200-201 (1983); *Dames & Kelly v. Regan*, 453 U.S. 654, 689 (1981). Under the circumstances, Kelly's case is not ripe for review.

Moreover, even if the BOP makes a determination regarding Kelly's RRC placement, Kelly must his exhaust his administrative remedies if he wishes to challenge that determination. The pleadings before this court reflect that Kelly has not attempted to pursue relief via the BOP's administrative remedies. Kelly maintains that exhaustion should be excused because it would be futile to pursue the BOP's administrative remedies. (Doc. No. 1 at pp. 14-15.) In support, he notes that BOP Director Harley Lappin believes that prisoners placed in an RRC for longer than six months "tend to do worse rather than better." (*Id*.)

It is well settled in this circuit that a federal prisoner who requests habeas corpus relief under 28 U.S.C. § 2241 must first exhaust his administrative remedies before seeking relief

from this court.  *See Skinner v. Wiley*, 335 F.3d 1293, 1295 (11th Cir. 2004); *Gonzalez v. United States*, 959 F.2d 211 (11th Cir. 1992).  The BOP has established regulations that set forth the procedures that a prisoner must follow before seeking relief from a district court. *See* 28 C.F.R. §§ 542.10 et seq.; *United States v. Lucas*, 898 F.2d 1554, 1556 (11th Cir. 1990).  These regulations govern formal review of inmate complaints relating to any aspect of their imprisonment and specify the procedures that inmates must pursue before attempting to seek relief in federal court.  *United States v. Herrera*, 931 F.2d 761, 764 (11th Cir. 1991). If, and only if, an inmate has pursued his administrative remedies may he seek relief in federal court.  *Id*.  "An inmate has not fully exhausted his administrative remedies until he has appealed through all three levels [of the BOP's administrative remedies]."  *Irwin v. Hawk*, 40 F.3d 347, 349 n.2 (11th Cir. 1994).

Kelly has not exhausted the three-level administrative remedy process, set forth at 28 C.F.R. §§ 542.10-.15, with regard to his claims concerning his eligibility for placement in an RRC.  Therefore, he has not satisfied the requirement that he exhaust his available administrative remedies before seeking habeas corpus relief in federal court.  Moreover, Kelly has failed to establish that it would be futile to pursue the BOP's administrative remedies. Despite BOP Director Lappin's personal opinion, the BOP's regulations, amended after passage of the Second Chance Act, provide for placement in an RRC for up to 12 months.  Relying on the Second Chance Act and 28 C.F.R. § 570.21, the Eleventh Circuit has determined that an inmate "may immediately seek [ ] individual determination [for placement

in an RRC up to 12 months] under the administrative procedures currently available to him."
*Woodward v. Grayer*, Case No. 08-12851, *7 (11th Cir. Dec. 23, 2008).  Accordingly, as the
BOP is required by statute and its own regulations to consider Kelly for placement in an RRC
for up to 12 months, Kelly has failed to demonstrate that it would be futile to exhaust the
BOP's available administrative remedies.  *See Hayes v. Grayer*, Case No. 1:09cv896-RWS
2009 WL 1473929 (N.D. Ga. May 26, 2009).

Kelly also complains that he will be delayed in vindicating his rights if he complies
with the BOP's administrative remedies program and that the time required to exhaust
administrative remedies could deprive him of the full 12 months he alleges he is entitled to
serve in an RRC.  However, there are deadlines incorporated into the administrative remedies
program that prevent the BOP from unreasonably delaying consideration of a request for
review and any appeal therefrom.  *See, e.g.*, 28 C.F.R. § 542.18 (setting forth BOP response
times at various levels of review).  Kelly has not established extraordinary circumstances
justifying waiver of the exhaustion requirement.  Therefore, in addition to this action not
being ripe for court review, dismissal for failure to exhaust administrative remedies is also
warranted.

### III.   CONCLUSION

Accordingly, the court finds that the 28 U.S.C. § 2241 petition for habeas corpus relief
should be DISMISSED without prejudice because this case is not ripe for review and because
of Kelly's failure to exhaust administrative remedies in accordance with the procedures

established by the BOP.

A separate final judgment will be entered.

Done this 14th day of June, 2010.

/s/Wallce Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE